William E. Thomson, Jr. (SBN 47195)
**BROOKS KUSHMAN P.C.**
445 S. Figueroa Street, Suite 3100
Los Angeles, California 90071-1635
Phone: (213) 622-3003
E-Mail: wthomson@brookskushman.com

*Attorneys for Plaintiff*
*FKA Distributing Co., LLC*
*d/b/a HoMedics*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FKA DISTRIBUTING CO., LLC d/b/a HoMedics, | **Case No.** |
| Plaintiff, | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |
| MERCHSOURCE, LLC, | |
| Defendant. | |

Plaintiff, FKA Distributing Co., LLC d/b/a HoMedics ("HoMedics"), by and through its undersigned counsel, for its Complaint herein states as follows.

## I. PARTIES

1.      Plaintiff FKA Distributing Co., LLC d/b/a HoMedics is a limited liability company organized under the laws of Michigan, having a principal place of business at 3000 Pontiac Trail, Commerce Township, Michigan 48390 (hereinafter "Plaintiff" or "HoMedics").

2.      Upon information and belief, Defendant Merchsource LLC is a Delaware limited liability company, having a principal place of business at 7755 Irvine Center Drive, Irvine, California 92618 (hereinafter "Defendant" or "Merchsource").

## II. JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code.  The subject matter jurisdiction for this Court is founded upon 28 U.S.C. § 1338 (patents) and 28 U.S.C. § 1331 (federal question).

4.      Upon information and belief, Defendant is subject to this Court's jurisdiction because Defendant continuously engages in substantial sales and other business transactions in this district.  Defendant has sold infringing products, imported infringing products and/or committed infringing acts in this district.  Furthermore, Defendant has its headquarters and principal place of business is located in the Central District of California.  The United States District Court for the Central District of California therefore has *in personam* jurisdiction over the Defendant.

5.    Venue is proper in this district pursuant to 28 U.S.C. §1400(b).

### III.    THE INFRINGED PATENTS

6.    On December 4, 2007, U.S. Patent No. 7,303,300 ("the '300 patent") titled "Methods and Systems for Illuminating Household Products" was duly and legally issued. (*See* Exhibit A, U.S. Patent No. 7,303,300.)

7.    On January 26, 2010, U.S. Patent No. 7,652,436 ("the '436 patent") titled "Methods and Systems for Illuminating Household Products" was duly and legally issued.  (*See* Exhibit B, U.S. Patent No. 7,652,436.)

8.    On May 25, 2010, U.S. Patent No. 7,722,553 ("the '553 patent") titled "Massage Apparatus" was duly and legally issued.  (*See* Exhibit C, U.S. Patent No. 7,722,553.)

9.    On September 17, 2019, U.S. Patent No. 10,413,472 ("the '472 patent") titled "Portable Body Massager" was duly and legally issued.  (*See* Exhibit D, U.S. Patent No. 10,413,472.)

10.    The patents set forth in paragraphs 6-9 are hereinafter referred to as the Patents-in-Suit.

11.    FKA Distributing Co., LLC d/b/a HoMedics is the owner of all right, title and interest in the Patents-in-Suit, including the right to sue and recover for past infringement.

12.    HoMedics is a leader in personal health and wellness products, including aromatherapy diffusers sold under its Ellia brand, and massagers sold under its HoMedics brand.

13.    Upon information and belief, Defendant has knowledge of the Patents-in-Suit. Merchsource is well aware of HoMedics and its products.  Merchsource and HoMedics are also competitors for sales of certain products and/or product categories. It is reasonable to infer that Defendant or those acting on behalf of the Defendant have visited www.homedics.com or purchased Plaintiff's products. The Patents-in-Suit are each listed at www.homedics.com/patents and associated with particular HoMedics products.

## IV.    COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,303,300

14.    HoMedics realleges the preceding paragraphs as though set forth fully herein.

15.    Defendant has made, used, offered for sale, imported and sold in the United States, and continues to make, use, offer for sale, and sell in the United States lighted aromatherapy diffusers, such as the Plug-In Wall Diffuser, sold under the brand Sharper Image (hereinafter "Diffuser").  Defendant's activities infringe, induce others to infringe, and/or contributorily infringe the '300 patent.

16.    By making, using, offering for sale, and/or selling Diffusers in the United States, Defendant is infringing at least claim 17 of the '300 patent, under at least 35 U.S.C. § 271(a), (b) and (c) as explained below.

17.    The Diffuser is sold with: "1 Plug-in Wall Diffuser, 1 Eucalyptus Essential Oil, 1 Bottle Cover Removal Tool, and 6 Wicks."  The package includes instructions as to how to assemble these components together to operate the Diffuser as shown below.

18.    The packaging for the Diffuser includes the explanation that its: "ESSENTIAL OIL CAN BE HARMFUL OR FATAL IF SWALLOWED."  The packaging also states that it includes "7 Color LED Lights."  The package also includes  the following statements: "Essential Oil: Keep out of reach of children.  Do not ingest. Hazardous if swallowed."

19.    The package further includes the layout of a button in which the product can "Tap to toggle through 7 different colors" and a button where one can "Tap to dim light or to turn light OFF (High, Medium, Low and OFF)."

20.    The Diffuser includes a household fluid product not intended for human consumption which is the essential oil which is maintained within a container.

21.    The Diffuser includes a light system which is controlled by a processor for generating variable color radiation and is disposed proximate to the container as shown in the image below.



22.    As such, the Defendant's Aroma Diffuser infringes at least claim 17 of the '300 patent, which states:

17.  A system for providing illumination for a household fluid product not intended for human consumption and/or a container that contains the household fluid product, the system comprising:

at least one light system, comprising at least one light source controllable by a processor for generating a variable color radiation, the light system disposed proximate to the container and configured to generate a selected color of the variable color radiation in response to a signal from the processor to illuminate the container and/or the household fluid product with the selected color of the variable color radiation.

23.    Defendant's activities also constitute infringement of other claims of the '300 patent.  Plaintiff has suffered damages as a result of the infringing activities of Defendant, and Plaintiff will continue to suffer such damages as long as those infringing activities continue.

24.    Even though Defendant has notice of the '300 patent, Defendant continued its infringement of the '300 patent thereafter.  Defendant's infringement has been willful, wanton and deliberate.

25.    Defendant has been, and still is, infringing, actively inducing others to infringe, and contributorily infringing the '300 patent.  For example, Defendant induces or contributes to others' infringement by the instructions provided for operating its Diffuser product.  Defendant contributes to others' infringement by supplying its Aroma Diffuser products that are intended to be used with essential oils.

26.    On information and belief, Plaintiff expects that future evidentiary support for these infringement allegations will be shown upon further examination and after a reasonable opportunity for further investigation and discovery.  Furthermore, Plaintiff expects that other products of the Defendant also infringe claims of the '300 patent.

27.    Plaintiff has suffered damages as a result of the infringing activities of Merchsource and will continue to suffer such damages as long as those infringing activities continue.

28.    HoMedics has been, and will continue to be, irreparably harmed by Defendant's infringing conduct unless Defendant is enjoined by this Court.

29.    HoMedics has no adequate remedy at law.

## V.    COUNT III – INFRINGEMENT OF U.S. PATENT NO. 7,652,436

30.    HoMedics realleges the preceding paragraphs as though set forth fully herein.

31.    Defendant has made, used, offered for sale, imported and sold in the United States, and continues to make, use, offer for sale, and sell in the United States lighted aromatherapy diffusers, such as the Plug-In Wall Diffuser, sold under the brand Sharper Image (hereinafter "Diffuser").  Defendant's activities infringe, induce others to infringe, and/or contributorily infringe the '436 patent.

32.    By making, using, offering for sale, and/or selling Diffusers in the United States, Defendant is infringing at least claim 6 of the '436 patent, under at least 35 U.S.C. § 271(a), (b) and (c) as explained below.

33.    The Diffuser is sold with: "1 Plug-in Wall Diffuser, 1 Eucalyptus Essential Oil, 1 Bottle Cover Removal Tool, and 6 Wicks."  The package includes instructions as to how to assemble these components together to operate the Diffuser as shown below.



34.    The packaging for the Diffuser includes the explanation that its: "ESSENTIAL OIL CAN BE HARMFUL OR FATAL IF SWALLOWED."  The

packaging also states that it includes "7 Color LED Lights." The package also includes the following statements: "Essential Oil: Keep out of reach of children. Do not ingest. Hazardous if swallowed."

35.    The package further includes the layout of a button in which the product can "Tap to toggle through 7 different colors" and a button where one can "Tap to dim light or to turn light OFF (High, Medium, Low and OFF)."

36.    The Diffuser includes a scent-producing facility that includes a scent producing product which is the essential oil which is maintained within a container.

37.    The Diffuser includes a light source controllable by a processor for generating variable color radiation and one or more brightness levels and is disposed proximate to the scent-producing facility as shown in the image below.



38.    As such, the Defendant's Diffuser infringes at least claim 6 of the '436 patent, which states:

> 6.  An apparatus, comprising:
> a scent-producing facility that includes a scent-producing product; and
> at least one light system comprising at least one light source controllable by a processor for generating radiation of one or more colors and/or one or more brightness levels, the at least one light system disposed proximate to the scent-producing facility and configured to generate at least one selected color of the radiation in response to a signal from the processor

39.    Defendant's activities also constitute infringement of other claims of the '436 patent.  Plaintiff has suffered damages as a result of the infringing activities of Defendant, and Plaintiff will continue to suffer such damages as long as those infringing activities continue.

40.    Even though Defendant has notice of the '436 patent, Defendant continued its infringement of the '436 patent thereafter.  Defendant's infringement has been willful, wanton and deliberate.

41.    Defendant has been, and still is, infringing, actively inducing others to infringe, and contributorily infringing the '436 patent.  For example, Defendant induces or contributes to others' infringement by the instructions provided for operating its Diffuser product.  Defendant contributes to others' infringement by supplying its Diffuser products that are intended to be used with essential oils.

42.    On information and belief, Plaintiff expects that future evidentiary support for these infringement allegations will be shown upon further examination and after a reasonable opportunity for further investigation and discovery.

Furthermore, Plaintiff expects that other products of the Defendant also infringe claims of the '436 patent.

43.    Plaintiff has suffered damages as a result of the infringing activities of Merchsource and will continue to suffer such damages as long as those infringing activities continue.

44.    HoMedics has been, and will continue to be, irreparably harmed by defendant's infringing conduct unless defendant is enjoined by this Court.

45.    HoMedics has no adequate remedy at law.

## VI.    COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 7,722,553

46.    HoMedics realleges the preceding paragraphs as though set forth fully herein.

47.    Defendant has made, used, offered for sale, imported and sold in the United States, and continues to make, use, offer for sale, and sell in the United States massagers, such as the Shiatsu Neck + Shoulder Deep Rolling Massage, sold under the brand Sharper Image (hereinafter "Heated Massager").  Defendant's activities infringe, induce others to infringe, and/or contributorily infringe the '553 patent.

48.    By making, using, offering for sale, and/or selling Heated Massagers in the United States, Defendant is infringing at least claim 1 of the '553 patent, under at least 35 U.S.C. § 271(a), (b) and (c).

49.    The Massager is sold in packaging that states the massager is "Heated" and includes "Rotating Massage Heads."  As shown below, the massager includes a housing as well as a rotating substrate and a heater mounted to the substrate. Defendant imports, offers for sale, and/or sells a number of products that infringe at

least claim 1 of the '553 patent, including without limitation, the Mini Thermo Shiatsu Massager ("Heated Massager"), as further explained in the paragraphs below.

50.     The Heated Massager includes a housing as well as a substrate that is mounted to the housing for rotation relative thereto.  The image on the left below shows the substrate disassembled from the housing.  The image on the right below includes an exploded view to illustrate the heater.



51.     As shown in the image above on the left, the Heated Massager also includes a pair of conductive brushes mounted to the housing.

52.     As shown in the image on the left, the Heated Massager also includes a pair of conductive brushes mounted to the substrate heater mounted to the substrate. Each of the conductive brushes is in engagement with one of the contacts for maintaining engagement during rotation of the substrate relative to the housing.

53.     As shown in the image on the left, the Heated Massager includes two conductive brushes that when assembled are in electrical communication with the heater and rotate relative to the housing with rotation of the substrate and the heater for conducting electricity to the heater.

54. As such, the Heated Massager infringes at least claim 1 of the '553 patent, which states:

> 1.   A heat therapy apparatus comprising:
> a housing;
> a substrate mounted to the housing for rotation relative thereto;
> a heater mounted to the substrate for providing a heat therapy effect from the substrate;
> a pair of conductive contacts each mounted to one of the substrate and the housing; and
> a pair of conductive brushes each mounted to the other of the substrate and the housing in engagement with one of the contacts for maintaining engagement during rotation of the substrate relative to the housing;
> wherein at least two of the contacts and brushes are in electrical communication with the heater and rotate relative to the housing with rotation of the substrate and the heater for conducting electricity to the heater.

55. Defendant's activities also constitute infringement of other claims of the '553 patent.  Plaintiff has suffered damages as a result of the infringing activities of Defendant, and Plaintiff will continue to suffer such damages as long as those infringing activities continue.

56. Even though Defendant has notice of the '553 patent, Defendant continued its infringement of the '553 patent thereafter.  Moreover, given the parties' competitive status as set forth in paragraph 13 above and similarities to HoMedics products, it is reasonable to infer that Defendant also copied from HoMedics. Defendant's infringement has been willful, wanton and deliberate.

57. Defendant has been, and still is, infringing, actively inducing others to infringe, and contributorily infringing the '553 patent.  For example, Defendant

induces or contributes to others' infringement by the instructions provided for operating its Heated Massager.

58.     On information and belief, Plaintiff expects that future evidentiary support for these infringement allegations will be shown upon further examination and after a reasonable opportunity for further investigation and discovery. Furthermore, Plaintiff expects that other products of the Defendant also infringe claims of the '533 patent, including but not limited to the Compact Shiatsu Massager sold under the Sharper Image brand.

59.     Plaintiff has suffered damages as a result of the infringing activities of Merchsource and will continue to suffer such damages as long as those infringing activities continue.

60.     HoMedics has been, and will continue to be, irreparably harmed by Defendant's infringing conduct unless Defendant is enjoined by this Court.

61.     HoMedics has no adequate remedy at law.

## VII.   COUNT V – INFRINGEMENT OF U.S. PATENT NO. 10,413,472

62.     HoMedics realleges the preceding paragraphs as though set forth fully herein.

63.     Defendant has made, used, offered for sale, imported and sold in the United States, and continues to make, use, offer for sale, and sell in the United States massagers, such as the BodyScan Massager Real Touch Shiatsu with Heat, sold under the brand Sharper Image (hereinafter "Body Massager").   Defendant's activities infringe, induce others to infringe, and/or contributorily infringe the '472 patent.

COMPLAINT FOR PATENT INFRINGEMENT
AND JURY DEMAND
Case No.                                          13

64.     By making, using, offering for sale, and/or selling Body Massagers in the
United States, Defendant is infringing at least claim 1 of the '472 patent, under at least
35 U.S.C. § 271(a), (b) and (c).

65.     As shown on the packaging of the Body Massager, the product includes
a portable housing sized to be received and supported by a backrest of a conventional
chair, the housing having a longitudinal axis and an external contact surface for
receiving a portion of a body of a user.



66.     The Body Massager includes a longitudinal guide mounted in the housing
and a carriage oriented in the housing and cooperating with the guide for limited

longitudinal translation in the housing along the guide. The guide and carriage are
shown in the below exploded image from the Body Massager.



67.     The Body Massager includes a first motor as claimed shown and a
second motor as claimed shown in the image below.



68.     The packaging for the Body Massager includes an image showing a pair
of massage members transversely spaced about the longitudinal axis and as shown by

the exploded image in paragraph 65 above, the members are supported by the carriage.

Moreover, the Body Massager includes a control.



69.    The manual that comes with the Body Massager explains that there is a

control panel that provides for user-selected operation of the at least a pair of massage

members relative to the carriage providing selective orientation adjustment of the at

least a pair of massage members relative to the longitudinal axis independently of

translation of the carriage along the guide so that a user can select a stationary

orientation of the at least a pair of massager members for imparting the massage effect.



70.    The Body Massager includes a worm mounted to and driven by the motor output shaft, a worm gear rotatably mounted to the carriage and operably driven by the worm, and a pinion gear rotatably mounted to the carriage and operably driven by the worm gear shown in the partially exploded image below.  The pinion gear is engaged with a longitudinal rack affixed to the housing such that rotation of the pinion gear translates the carriage along the guide.

71.    As shown in paragraph 69 above, the Body Massager includes a control pad which controls orientation adjustment of the pair of massage members as well as user-selected rotation of the first motor for translating the carriage to a desired longitudinal orientation.

72.    As described above, the Body Massager infringes at least claim 17 of the '472 patent, which states:

17.  A portable body massager comprising:
a portable housing sized to be received and supported by a backrest of a conventional chair, the housing having a longitudinal axis and an external contact surface for receiving a portion of a body of a user;
a longitudinal guide mounted in the housing;
a carriage oriented in the housing and cooperating with the guide for limited longitudinal translation in the housing along the guide;
a first motor supported upon the carriage, the motor having a motor output shaft driven thereby, the motor output shaft being operably coupled to the housing to translate the carriage along the guide;
at least a pair of massage members transversely spaced about the longitudinal axis, each of the at least a pair of massage members being supported by the carriage for imparting a massage effect upon the portion of the user's body as the carriage is translated relative to the housing;
a second motor supported upon the carriage in operable communication with the at least a pair of massage members for driving

the at least a pair of massage members relative to the carriage for providing a kneading massage effect to the user's body corresponding to a longitudinal orientation of the carriage and for user-selected operation of the at least a pair of massage members relative to the carriage providing selective orientation adjustment of the at least a pair of massage members relative to the longitudinal axis independently of translation of the carriage along the guide so that a user can select a stationary orientation of the at least a pair of massager members for imparting the massage effect;

a worm mounted to and driven by the motor output shaft;

a worm gear rotatably mounted to the carriage and operably driven by the worm;

a pinion gear rotatably mounted to the carriage and operably driven by the worm gear;

a longitudinal rack affixed to the housing and engaged with the pinion gear such that rotation of the pinion gear translates the carriage along the guide;

wherein the orientation adjustment of the at least a pair of massage members is controlled from a control pad; and

wherein operation of the first motor further comprises user-selected rotation for translating the carriage to a desired longitudinal orientation.

73.    Defendant's activities also constitute infringement of other claims of the '472 patent.  Plaintiff has suffered damages as a result of the infringing activities of Defendant, and Plaintiff will continue to suffer such damages as long as those infringing activities continue.

74.    Even though Defendant has notice of the '472 patent, Defendant continued its infringement of the '472 patent thereafter.  Moreover, given the parties' competitive status as set forth in paragraph 13 above and similarities to HoMedics products, it is reasonable to infer that Defendant also copied from HoMedics. Defendant's infringement has been willful, wanton and deliberate.

75.     Defendant has been, and still is, infringing, actively inducing others to infringe, and contributorily infringing the '472 patent.  For example, Defendant induces or contributes to others' infringement by the instructions provided for operating its Body Massager.

76.     On information and belief, Plaintiff expects that future evidentiary support for these infringement allegations will be shown upon further examination and after a reasonable opportunity for further investigation and discovery. Furthermore, Plaintiff expects that other products of the Defendant also infringe claims of the '472 patent, including but not limited to the BodyScan Seat Topper sold under the Sharper Image brand.

77.     Plaintiff has suffered damages as a result of the infringing activities of Merchsource and will continue to suffer such damages as long as those infringing activities continue.

78.     HoMedics has been, and will continue to be, irreparably harmed by defendant's infringing conduct unless defendant is enjoined by this Court.

79.     HoMedics has no adequate remedy at law.

## VIII.  DEMAND FOR RELIEF

In accordance with the foregoing, Plaintiff respectfully demands that this Court enter judgment:

A.     Declaring that Defendant has infringed the claims of the '300 patent and that such infringement has been and continues to be willful;

B.     Declaring that Defendant has infringed the claims of the '436 patent and that such infringement has been and continues to be willful;

C.     Declaring that Defendant has infringed the claims of the '553 patent and that such infringement has been and continues to be willful;

D.     Declaring that Defendant has infringed the claims of the '472 patent and that such infringement has been and continues to be willful;

E.     Preliminarily and permanently enjoining and restraining Merchsource, LLC, its officers, directors, employees, agents, servants, successors and assigns, and any and all persons acting in privity or in concert with Merchsource, LLC, from further infringement of the Patents-in-Suit;

F.     Awarding Plaintiff its damages, together with prejudgment interest and costs, and increasing those damages to three times the amount found or assessed as provided by 35 U.S.C. § 284;

G.     Declaring this an exceptional case within the meaning of 35 U.S.C. § 285, and awarding Plaintiff its reasonable attorneys' fees and costs and disbursements in this action; and

H.     Granting to Plaintiff such other and further relief as this Court deems reasonable.

## IX.    DEMAND FOR JURY TRIAL

HoMedics respectfully demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

Date: December 18, 2020

**BROOKS KUSHMAN P.C.**

/s/ William E. Thomson, Jr.
William E. Thomson, Jr. (SBN 47195)
445 S. Figueroa Street, Suite 3100
Los Angeles, California 90071-1635
Tel: (213) 622-3003
wthomson@brookskushman.com

*Attorneys for Plaintiff*